*43
 
 ROGERS, J.
 

 On May 25,1927, the Upstream Realty Company, Inc., and one Frank Frey entered into an agreement, styled a “bond for deed,” under the terms of which the realty company agreed to sell Frey seventy-four lots of ground situated in Hanson Place, Jefferson parish. The purchase price was fixed at $14,800, of which amount $2,850 was paid in cash, as acknowledged in the contract, and the balance, $11,950, was represented by two notes of Frey, payable at the rate of $175 per month.
 

 On October 1,1927, Frey assigned his rights and interest in the bond for deed to Frank J. Weinberger for a recited consideration of $3,750 cash, the assumption by Weinberger of the notes given by Frey under his contract with the realty company, and the execution by Weinberger of a note for $3,200 in favor of Frey. Subsequently, namely, on November 17,1927, Weinberger brought this suit against the Upstream Realty Company, Inc., to recover $6,950, as the loss suffered by him because the realty company did not own the property it had agreed to sell, and, consequently, had no title thereto which it could deliver to plaintiff.
 

 The court below gave plaintiff judgment for $3,750. Defendant appealed, and the plaintiff has answered the appeal, asking that the judgment be increased to $6,600.
 

 The defendant realty company filed an exception of no right or cause of action to plaintiff’s petition, which exception was referred to the merits and, in effect, overruled by the judgment in plaintiff’s favor. Defendant vigorously argues before this court that the exception is well founded and should be maintained and plaintiff’s suit dismissed. Defendant contends that plaintiff’s petition fails to disclose a cause of action, because the contract with Frey is not assignable without its consent; because no part of the purchase.price paid by plaintiff to Frey is alleged to have been received by defendant; because it is not alleged that plaintiff, or Frey, his assignor, complied with the terms of the contract; and because it is not alleged that plaintiff has in any manner placed defendant in default.
 

 We are unable to uphold defendant’s contentions. There is no prohibition" in the bond for deed against its assignment, and we know of no law, and have been referred to none, which forbids Frey, the prospective vendee, from transferring his rights under the contract to Weinberger, the plaintiff herein. It is true that it is not alleged that any part of the purchase price paid by plaintiff to
 
 *45
 
 Prey was received by the defendant; nevertheless, it is alleged that Frey paid defendant on account of the purchase price $2,850, which plaintiff, as the assignee of Prey, is entitled to recover, and, to that extent, the petition discloses a cause of action. It is also set forth in the petition that the defendant realty company did not own, and could not deliver title to, the property which it had agreed to sell; and hence the agreement to sell was null. In view of these allegations, plaintiff was not required to aver compliance with his contractual obligations, nor to show that he had put defendant in default. The facts set forth in the petition speak for themselves.
 

 On the trial of the case, plaintiff offered in evidence, over defendant’s objection, three letters written defendant in his behalf by his attorney. In the first letter, which was dated November 7,1927, defendant was notified that plaintiff desired to take title to the property under the stipulation in the bond for deed that on payment of one-fifth of the purchase price the prospective vendee had the right to take the title. It was stated in the letter that plaintiff was prepared to pay defendant $110, the amount required to complete the payment of one-fifth of the purchase price, and to' execute his mortgage notes for the balance of the price. Defendant did not reply to this letter. The second letter was dated November 11, 1927. In this letter defendant’s attention was directed to the previous letter, and defendant was notified that it must either carry out the deal or call it off. Defendant was also informed that it would be agreeable to plaintiff to have the deal called off, provided defendant would refund the amount paid under the bond for deed, .together with the expenses incurred in connection therewith. Defendant did not reply to this letter. The third letter written defendant on behalf of plaintiff was dated November 16,1927. In this letter defendant was informed that an examination of the records had disclosed that defendant was not the owner of the property in question, and that unless a refund of the money paid under the contract should be immediately made, plaintiff would file suit to enforce his rights, in which event he would claim such damages as he had suffered by reason of defendant’s failure to deliver title in accordance with the contract. The parties were not able, apparently, to adjust their differences, and this suit followed.
 

 The defendant realty company did not own the property in question at the time it executed the bond for deed nor at the time the company was called upon by plaintiff to make him a title in accordance with the terms of the contract. The property was owned then, and, so far as we are informed, is owned now, by Stafford, Derbes & Roy, Inc., and Osa J. Smythe. The property, together with other property, is incumbered with a mortgage for $28,500 in favor of the original vendors and by a mortgage for $4,000 granted by Smythe to one O. Y. Galamia. The realty company holds nothing more than a bond for deed from Stafford, Derbes & Roy, Inc., and that corporation, itself, is merely the selling agent for tho property under a somewhat complicated agreement between it and Smythe.
 

 In these circumstances, our conclusion is that plaintiff is entitled to relief. We do not think, however, he is entitled to recover from the defendant anything more than the amount defendant received under the bond for deed, namely, $2,850. Plaintiff must look to Prey for the difference between that amount and the amount which he paid Prey for his rights and interest in the bond for deed.
 

 Por the reasons assigned, the judgment appealed from is amended by reducing the
 
 *47
 
 principal amount thereof from $3,750 to $2,-850, and as thus amended, the judgment is affirmed. Plaintiff and appellee to pay the costs of appeal.